Benjamin F. **SHIPLEY**, Jr., Appellant

v.

**WOOLRICH, INC.**, et al., Appellees.

No. 09–5063.

United States Court of Appeals, District of Columbia Circuit.

April 12, 2011.

Benjamin F. Shipley, Jr., Terre Haute, IN, pro se.

Warden (Terre Haute), United States Penitentiary, Terre Haute, IN, for Appellant.

Wynne Patrick Kelly, Assistant U.S. Attorney, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge, GARLAND, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Appellant Benjamin F. Shipley, Jr., a federal prisoner, filed a multi-claim complaint in the district court, alleging violations of federal law for involuntary servitude/forced labor and for failure to lawfully compensate him for his labor pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The district court *sua sponte* dismissed the complaint, relying on our decision in *Henthorn v. Dep't of the Navy,* 29 F.3d 682, 686 (D.C.Cir.1994), in which we noted that convicted criminals are not protected by the Thirteenth Amendment against involuntary servitude and that a prisoner is barred from asserting a claim under the FLSA where the prisoner's labor is compelled and/or where any compensation he receives is set and paid by his custodian.

On appeal Shipley asks us to adopt a test different than the one set forth in *Henthorn* for determining whether he is covered by the FLSA. The test advocated by Shipley would have us look to the "economic reality" of the situation as to whether the labor involves a "service," such as the janitorial chores performed in *Henthorn,* or rather involves a "good," such as the making of clothes performed by Shipley. In *Henthorn* the appellant asked us to adopt a somewhat similar "economic reality" test that would have made a distinction, for purposes of applying the FLSA, between work inside or outside the prison compound. We declined the request, holding instead that a prerequisite to finding that an inmate is covered "under the FLSA is that the prisoner has freely contracted with a non-prison employer to sell his labor." 29 F.3d at 686. Here we likewise reject Shipley's request and follow our holding in *Henthorn.*

In *Henthorn* we stated that at the pleading stage "a federal prisoner seeking to state a claim under the FLSA must allege that his work was performed without legal compulsion and that his compensation was set and paid by a source other than the Bureau of Prisons itself." *Id.* at 687. Here, Shipley has made no allegation that his work was voluntary or that he was paid by anyone other than UNICOR, an entity within the organizational structure of the Bureau of Prisons.

We have considered the remaining arguments of Shipley and conclude they are without merit.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.